UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY TAYLOR, | ) | 1:05-cv-00909-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO FILE AMENDED PETITION |
| | ) | |
| v. | ) | |
| | ) | |
| W.A. DUNCAN, | ) | |
| | ) | |
| Respondent. | ) | |

     Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed his Petition on July 14, 2005.  (Doc. 1).  From the petition, the Court cannot determine what or how many claims Petitioner is raising because of the way in which Petitioner has filled out the form petition and the manner in which he has interwoven typewritten and handwritten passages that do not appear to follow in sequence.  For example, Petitioner filled out the form spaces allotted for Grounds One and Two by writing about the illegality of the Three Strikes Law without explaining how Grounds One and Two were different and without specifying the federal constitutional basis for each of these claims.  Then Petitioner indicates that the Court should look to the attached pages to find the grounds for relief, but the attached pages begin with "Ground Three," and there is no reference to Grounds One and Two.

     In an effort to comprehend the claims in the petition, the Court interprets the petition as raising the following claims: (1) general challenge to the Three Strikes sentence without any specific basis being alleged; (2) same as Ground One; (3) due process violation because trial court failed to apply clear and convincing standard to evidence of prior convictions; (4) the Three Strikes sentence

1

1  is disproportionate when compared to other more serious offenses in violation of due process and the
2  right to a fair trial; (5) the Three Strikes Law violates the federal prohibition on ex post facto laws;
3  (6) Three Strikes violates federal due process because Petitioner has already served his time for the
4  prior offenses; and (7) ineffective assistance of counsel.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A preliminary review of the Petition reveals that Petitioner may not have exhausted his state court remedies and may also have filed his Petition beyond the applicable one-year statute of limitations period.  Petitioner's two claims do appear at this point to state cognizable constitutional claims.

**I.  Exhaustion.**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

///

1    Additionally, the petitioner must have specifically told the state court that he was raising a
2  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
3  (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.
4  1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States
5  Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*.  See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).  Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds.  Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner asserts in his petition that he presented the following claims to the California Supreme Court: (1) challenges to California's Three Strikes law; and (2) ineffective assistance of counsel.  (Doc. 1, p. 4).  Petitioner indicates that he raised those issues in a state habeas corpus petition that was denied on June 22, 2005.  (Id.).  However, he does not indicate at any other juncture in the petition that he raised any other claims in the California Supreme Court.

Because Petitioner has not specifically described the Three Strikes issues he purportedly raised in the California Supreme Court by way of a state habeas petition, the Court has no way of telling whether, or if, all of the various Three Strikes arguments Petitioner now raises were fully exhausted in the California Supreme Court.  Moreover, it does not appear to the Court that Ground

Three has ever been raised in the California Supreme Court, based on the information Petitioner has supplied in his petition.

If Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). If Petitioner *has* presented his federal claims to the California Supreme Court *and simply neglected to inform this Court*, Petitioner must inform the Court which constitutional claims have been presented to the California Supreme Court and, if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court. From the instant petition, this Court cannot determine which claims, if any, have been presented to the California Supreme Court; thus, the Court is unable to proceed to the merits of the petition. Petitioner is reminded that this Court is a federal court and does not have ready access to rulings, filings, and decisions of the California state courts. The only way this Court can know what Petitioner has filed in the California courts is if Petitioner supplies this Court with that information.

At the very least, the instant petition appears to be a mixed petition, containing both exhausted and unexhausted claims. Even though the instant habeas petition appears to state some cognizable federal claims, the Court would nevertheless be required to dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claims. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760. However, in an effort to accommodate Petitioner, the Court will permit Petitioner to file an amended petition fully explaining all of the claims he has previously raised with the California Supreme Court in order for this Court to evaluate whether the claims in the amended petition are fully exhausted.

**II. Statute of Limitations**.

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1042-44 (9th Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on July 14, 2005; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner asserts that he was sentenced on June 19, 1999, and that the California Court of Appeal affirmed his conviction on September 13, 2000. Although Petitioner does not explain whether he filed a petition for review in the California Supreme Court, it appears that he did and that the high court denied his petition for review on December 8, 2000. Although Petitioner does not appear to raise any of the issues from his direct appeal in this federal petition, the information above is critical to the one-year statute of limitations because the one-year period began to run on March 8, 2001, when the ninety-day period for seeking review in the United States Supreme Court expired.

1  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999);
2  Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year, or until
3  March 8, 2002, within which to file his petition.   The instant petition was not filed until July 14,
4  2005, over three years after the limitations period would have expired.  Thus, unless Petitioner is
5  entitled to either statutory or equitable tolling of the one-year period, his petition is untimely and
6  must be dismissed.

7       Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
8  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
9  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  See
10 Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner is normally entitled to one
11 "full round" of collateral review in state court without federal interference.  While the "full round" is
12 properly in progress, the AEDPA's one-year statute is tolled.).  Welch v. Carey, 350 F.3d 1079 (9th
13 Cir. 2003) *cert. denied by* Welch v. Carey, 2004 U.S. LEXIS 3930 (June 1, 2004).

14      Petitioner asserts that he sought collateral state review in Superior Court regarding his claims
15 for ineffective assistance of counsel and the Three Strikes Law.  (Doc. 1, p. 4).  However, Petitioner
16 does not indicate on the form petition the dates on which that petition was pending in the state
17 courts, nor does he indicate whether he had earlier filed state habeas petitions in either the Superior
18 Court or the Court of Appeal that would, themselves, have tolled the running of the one-year period
19 during the pendency of the petitions.  Hence, the Court cannot determine from the petition whether
20 the instant petition was filed beyond the applicable one-year statute of limitations, *which would*
21 *include any period of time tolled by the pendency of state court collateral review proceedings*.  This
22 Court will grant Petitioner leave to file an amended petition so that Petitioner may include the
23 specific dates on which state court collateral proceedings were pending so that the Court can
24 ascertain whether the statute of limitations has expired with respect to Petitioner's claims.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1) Petitioner is granted thirty (30) days from the date of service of this order to file an
   amended petition.  Petitioner must inform the Court *with specificity* what claims have

been presented to the California Supreme Court *as well as the dates* when the California Supreme Court ruled on those claims.[1] Petitioner must also include any information about the dates when state habeas petitions were filed or ruled upon by other states courts. Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 11-110.

Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth his claim(s), including all the facts and arguments in support of said claim(s). With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised. The Court will not consider the original petition. Petitioner's failure to file an amended petition in a timely fashion will result in a recommendation that the petition be dismissed for Petitioner's failure to state a federal claim.

IT IS SO ORDERED.

Dated:  **March 19, 2007**              /s/ **Theresa A. Goldner**
**j6eb3d**                    UNITED STATES MAGISTRATE JUDGE

---

[1] In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As mentioned, the limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court. However, it is not tolled for the time a *federal* petition is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120 (2001). Therefore, if Petitioner later attempts to re-assert previously unexhausted claims when they are fully exhausted, he may be outside the one-year limitations period and the claims may be barred.