UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY TAYLOR, | ) | 1:05-cv-00909-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION TO HOLD PETITION IN ABEYANCE (Doc. 12) |
| | ) | |
| v. | ) | ORDER PERMITTING MOTION TO DISMISS FILED MARCH 30, 2007 TO BE WITHDRAWN (Doc. 11) |
| W.A. DUNCAN, | ) | |
| | ) | ORDER TO FILE AMENDED PETITION WITHIN THIRTY DAYS |
| Respondent. | ) | |

   Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   Petitioner filed his Petition on July 14, 2005. (Doc. 1). From the petition, the Court cannot determine what or how many claims Petitioner is raising because of the way in which Petitioner has filled out the form petition and the manner in which he has interwoven typewritten and handwritten passages that do not appear to follow in sequence. For example, Petitioner filled out the form spaces allotted for Grounds One and Two by writing about the illegality of the Three Strikes Law without explaining how Grounds One and Two were different and without specifying the federal constitutional basis for each of these claims. Then Petitioner indicates that the Court should look to the attached pages to find the grounds for relief, but the attached pages begin with "Ground Three," and there is no reference to Grounds One and Two.

   In an effort to comprehend the claims in the petition, the Court interpreted the petition as raising the following claims: (1) general challenge to the Three Strikes sentence without any specific basis being alleged; (2) same as Ground One; (3) due process violation because trial court failed to apply clear and convincing standard to evidence of prior convictions; (4) the Three Strikes sentence is disproportionate when compared to other more serious offenses in violation of due process and the

right to a fair trial; (5) the Three Strikes Law violates the federal prohibition on ex post facto laws; (6) Three Strikes violates federal due process because Petitioner has already served his time for the prior offenses; and (7) ineffective assistance of counsel.

On March 19, 2007, after preliminarily screening the petition, the Court ordered Petitioner to file an amended petition. (Doc. 10). In that order, the Court advised Petitioner to file an amended petition precisely articulating the claims he wanted to raise and his efforts, if any, to fully exhaust those claims in the state courts. Additionally, the Court advised Petitioner that it appeared that his petition was untimely by over three years under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

Rather than follow the Court's order and file an amended petition, on March 30, 2007 Petitioner filed a motion to voluntarily dismiss the petition. (Doc. 11). Although unclear, it appears that the motion cites Petitioner's need to exhaust state remedies as a basis for dismissal. However, before the Court could rule on Petitioner's motion, Petitioner filed a motion for stay to exhaust his remedies and, at the same time, to withdraw his earlier motion to voluntarily dismiss the petition. (Doc. 12).

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), cert. denied, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

///

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 275. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Id.

Here, unfortunately, the original petition is so disjointed and incomprehensible that the Court cannot determine the precise nature of Petitioner's claims nor whether they are exhausted. Moreover, under Rhines, the Court, in order to grant a stay of proceedings, must assess whether: (1) Petitioner has shown good cause for his failure to exhaust claims; (2) the unexhausted claims are potentially meritorious; and (3) there is any indication that Petitioner has been dilatory. Obviously, the Court cannot conduct such an assessment if the Court cannot even determine the precise nature of the claims or whether and to what extent they have been exhausted.

It was this very confusion about the nature of Petitioner's claims that prompted the Court to order the filing of an amended petition in the first instance. Petitioner's failure to obey the Court's order by filing an amended petition has resulted in unnecessary delay and has prevented any progress in this case since March 2007.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

Because the Court cannot assess whether Petitioner has met the Rhines requirements, the Court has no alternative but to deny without prejudice Petitioner's motion for a stay of proceedings at this time. Because Petitioner clearly wishes to proceed, the Court will grant Petitioner's motion to withdraw his earlier motion to voluntarily dismiss the petition. The Court will permit Petitioner an additional thirty days in which to file his amended petition. If Petitioner does not comply with the Court's order to file the amended petition, the Court will have no alternative but to issue Findings and Recommendations to dismiss the petition for failure to prosecute.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion to Hold Petition in Abeyance (Doc. 12), is DENIED without prejudice;

2. Petitioner's motion to withdraw his motion to dismiss is GRANTED and the Motion to Dismiss filed March 30, 2007 (Doc. 11), is deemed WITHDRAWN; and

3. Petitioner is ordered to file an amended petition within thirty days of the date of service of this order. Petitioner is advised that the petition must set forth his claim(s), including all the facts and arguments in support of said claim(s). With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised.[2] The Court will not consider the original petition. Petitioner is reminded that each claim *must* state a cognizable federal claim.

///

///

---

[2] In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court; however, it is not tolled for the time a *federal* petition is pending in federal court. Duncan v. Walker, 563 U.S. 167 (2001). Alternatively, as mentioned, Petitioner may choose to file an amended petition that deletes the unexhausted claim(s).

4

1 |      Petitioner is forewarned that failure to follow this order will result in a recommendation for
2 | dismissal of the petition pursuant to Local Rule 11-110.

4 | IT IS SO ORDERED.

5 | Dated:  **November 2, 2007**                                  **/s/ Theresa A. Goldner**
                                                                 UNITED STATES MAGISTRATE JUDGE