UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY TAYLOR, | ) | 1:05-cv-00909-LJO-TAG HC |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS |
| v. | ) | |
| W. A. DUNCAN, | ) | ORDER TO FILE RESPONSE WITHIN THIRTY DAYS |
| Respondent. | ) | (Doc. 1) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on July 14, 2005. On March 19, 2007, the Court ordered Petitioner to file an amended petition because the original petition, as filed, was incomprehensible. (Doc. 10). On May 17, 2007, Petitioner, instead of complying with the Court and filing an amended petition, filed a motion to hold proceedings in abeyance. (Doc. 12). On November 2, 2007, the Court denied the latter motion and ordered Petitioner to file the amended petition. (Doc. 13). On December 11, 2007, Petitioner filed the instant amended petition. (Doc. 14). A preliminary review of the amended petition, however, reveals that the original petition may be untimely and should therefore be dismissed.

1

## DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-1042.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed on July 14, 2005, and thus, this action is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on February 11, 1999. (Doc. 1, p. 1). In this case, the petition for review was denied by the California Supreme Court on December 8, 2000. Thus, direct review would conclude on March 8, 2001, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from March 8, 2001, or until March 8, 2002, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.

As mentioned the instant petition was filed on July 14, 2005, over four years *after* the limitations period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  <u>Id</u>. at 1005.  However, the limitations period is not tolled for the time such an application is pending in federal court.  <u>Duncan v. Walker</u>, 121 S.Ct. 2120, 2129 (2001).

Petitioner does not explain with any clarity when he filed various state habeas proceedings related to the claims in the instant case.  The amended petition contains only references to the most recent habeas petition in the California Supreme Court, which was filed on May 23, 2007 and denied on October 10, 2007, well after the original petition was filed in this case.  Accordingly, it is not relevant to any determination whether the original petition was timely.

The Court's own independent survey of the California court system's electronic database indicates that a petitioner with Petitioner's name filed habeas petitions in the California Court of Appeals, Fifth Appellate District ("5th DCA") on three occasions: (1) filed September 29, 2003 and denied on October 9, 2003; (2) filed April 5, 2004 and denied April 16, 2004; and (3) filed April 25, 2005 and denied April 28, 2005.  This would entitled Petitioner to a total of twenty-five days of statutory tolling during the pendency of these three petition in the 5th DCA.

In addition to the state habeas petitions mentioned above, it appears that a petitioner with Petitioner's name filed a petition in the California Supreme Court on June 9, 2005 that was denied on June 22, 2005, thus entitling Petitioner to an additional thirteen days of statutory tolling, for a total of thirty-eight days.

However, it appears that the one-year limitations period expired on March 8, 2002, eighteen months *before* Petitioner filed his first state habeas petition in the 5th DCA on September 29, 2003.  A petitioner is not entitled to tolling where the limitations period, as is apparently the case here, has already expired *prior to* filing a state habeas petition.  <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000); <u>see</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

The Court concludes that the original petition is untimely and must be dismissed. However, in an excess of caution, the Court will permit Petitioner to file any further evidence he has that would entitle him to AEDPA tolling such that the petition would be timely. Petitioner will be afforded the opportunity, in his response to this Order to Show Cause, to provide additional information regarding when and where he filed his state habeas petitions if he believes that the instant petition is timely and that he is entitled to statutory tolling under the AEDPA.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d). **In his response, Petitioner should provide the <u>dates</u> on which he filed <u>any</u> state habeas petitions, the names of the courts in which he filed those petitions, the results, if any, of those petitions, and the <u>dates</u> the results were issued. Petitioner should provide, where possible, copies of all petitions filed as well as copies of the rulings by the state courts.**

Petitioner is forewarned that his failure to comply with this order will result in Findings and Recommendations recommending that the Petition be dismissed.

IT IS SO ORDERED.

Dated:   **January 15, 2008**                                  /s/ Theresa A. Goldner
                                                           UNITED STATES MAGISTRATE JUDGE

5