# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY TAYLOR,<br><br>            Petitioner,<br><br>    v.<br><br>W. A. DUNCAN,<br><br>            Respondent. | 1:05-cv-00909-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS AMENDED PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS  (Doc. 1)<br><br>ORDER TO FILE OBJECTIONS WITHIN FIFTEEN DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed on July 14, 2005.  On March 19, 2007, the Court ordered Petitioner to file an amended petition because the original petition, as filed, was incomprehensible.  (Doc. 10).  On May 17, 2007, Petitioner, instead of complying with the Court order directing him to file an amended petition, filed a motion to hold proceedings in abeyance.  (Doc. 12).  On November 2, 2007, the Court denied the latter motion and ordered Petitioner to file the amended petition.  (Doc. 13).

On December 11, 2007, Petitioner filed the instant amended petition.  (Doc. 14).  After a preliminary review of the amended petition indicated that it may be untimely and should therefore be dismissed, the Court issued an order to show cause on January 15, 2008, giving Petitioner thirty days to show cause why the petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).  (Doc. 15).  The order to show cause contained the following admonition: "Petitioner is forewarned that his failure to comply with this order will result in

1

Findings and Recommendations recommending that the Petition be dismissed." (Doc. 15, p. 5). Although Petitioner requested and was granted an extension of time until March 14, 2008 (Doc. 17), Petitioner did not respond to the order to show cause.

## DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1041-1042 (9th Cir. 2001).

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on July 14, 2005, and thus is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

>    the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on February 11, 1999. (Doc. 14, p. 1). The petition for review was denied by the California Supreme Court on November 29, 2000. Thus, direct review would conclude on February 27, 2001, when the ninety-day period for seeking review in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from February 27, 2001, or until February 27, 2002, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.

As mentioned the instant petition was filed on July 14, 2005, over four years *after* the limitations period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Ninth Circuit reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will

3

1  prevent the premature filing of federal petitions out of concern that the limitation period will end
2  before all claims can be presented to the state supreme court. Nino, 183 F. 3d at 1005. However, the
3  limitations period is not tolled for the time such an application is pending in federal court. Duncan
4  v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

    Petitioner does not explain with any clarity when he filed various state habeas proceedings
related to the claims in the instant case. The amended petition contains only references to the most
recent habeas petition in the California Supreme Court, which was filed on May 23, 2007, and
denied on October 10, 2007, well after the original petition was filed in this case. Accordingly, it is
not relevant to any calculation of statutory tolling.

    The Court takes judicial notice of the records of the California state court system's electronic
database, which indicate that a petitioner with Petitioner's name filed habeas petitions in the
California Court of Appeals, Fifth Appellate District ("5th DCA") on three occasions: (1) filed
September 29, 2003 and denied on October 9, 2003; (2) filed April 5, 2004 and denied April 16,
2004; and (3) filed April 25, 2005 and denied April 28, 2005.[1] This would entitled Petitioner to a
total of twenty-five days of statutory tolling during the pendency of these three petitions in the
5th DCA.

    In addition, Petitioner filed several petitions in the California Supreme Court: (1) Case no.
S134611, filed on June 9, 2005 and denied on June 22, 2005; (2) case no. S133752 filed on May 9,
2005 and denied on June 29, 2005; (3) case no. S152882 filed on May 23, 2007 and denied on
October 10, 2007; and case no. S092419, filed on October 23, 2000 and denied on November 29,

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceedings is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1982); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

1  2000.² The latter is the Petition for Review filed in Petitioner's direct appeal, the denial of which
2  triggers the running of the one-year statute of limitations. Case no. S152882, was filed after the
3  instant petition in this case and thus cannot assist Petitioner in tolling the one-year limitation period.
4  The first two petitions, both filed in 2005, overlap and would entitled Petitioner to an aggregate of 51
5  days. Adding this to the previous total of 25 days results in a total of 76 days of statutory tolling. As
6  mentioned, the petition was more than four years late. Obviously, 76 days of statutory tolling, even
7  if permitted, would fall far short of the tolling time required to make the petition timely.
8       Moreover, it appears that the one-year limitations period expired on February 27, 2002,
9  eighteen months *before* Petitioner filed his first state habeas petition in the 5th DCA on September
10 29, 2003. A petitioner is not entitled to tolling where the limitations period, as is apparently the case
11 here, has already expired *prior to* filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003
12 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v.
13 Dormire, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed
14 after expiration of the one-year limitations period). Thus, the Court finds that Petitioner is not
15 entitled to any statutory tolling.
16       D.  Equitable Tolling
17       The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
18 prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S.
19 Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107
20 F.3d 696, 701 (9th Cir. 1997)); Calderon v. United States District Court (Beeler), 128 F.3d 1283,
21 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court
22 (Kelly), 163 F. 3d 530 (noting that "[e]quitable tolling will not be available in most cases, as
23 extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control
24 make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack
25 of diligence, account for the failure to file a timely claim, equitable tolling of the statute of
26 limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).
27
28     ²The state electronic files indicate that Petitioner also filed a matter in case no. S062924 on July 18, 1997 that was denied on July 15, 1998. Obviously, this matter has no bearing on this case since it occurred well before Petitioner was convicted on the underlying state charge in this case.

5

Here, Petitioner has made no claim of entitlement to equitable tolling and, in any event, the Court's review of the record does not disclose any basis for such a claim. Since Petitioner is not entitled to either statutory or equitable tolling, the original petition is untimely and must be dismissed.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the amended petition for writ of habeas corpus be DISMISSED for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B). Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 25, 2008**                                         **/s/ Theresa A. Goldner**
                                                                   UNITED STATES MAGISTRATE JUDGE